**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JD Merrick, | No. CV-17-00014-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Michael Linderman, et al., | |
| Defendants. | |

This case was filed on January 9, 2017, with the Plaintiff filing a First and Second Amended Complaint in rapid succession precluding the Court from issuing the screening order and the case management scheduling order until after the Second Amended Complaint (SAC) (Doc. 19) was filed on June 13, 2017. The Screening Order (Doc. 21) issued on August 15, 2017. The Scheduling Order (Doc. 43) issued on December 5, 2017. Currently discovery is ongoing and due to be completed by July 5, 2018, with dispositive motions to follow within 30 days of the close of discovery. A Motion for Preliminary Injunction (Doc. 34) and several other motions are pending. The Court will issue a separate Order ruling on the preliminary injunction, but here it denies the Plaintiff's Motion for Ruling (Doc. 99) on the requested preliminary injunction and Motion to Compel and for Sanctions (Doc. 91). The Court grants the Defendant's Motion for a Protective Order (Doc. 100). The Court denies the Motion for Service by Publication (Doc. 83) on Defendant Richardson. The Court explains its rulings below.

The Plaintiff stated claims under the First Amendment, the Religious Land Use and Institutionalized Persons Act (RLUIPA) and in the SAC, as follows: Count I alleges he has been denied a Torah Observant Messianic Judaism (TOMJ) diet; Count II alleges he is unable to obtain candles for TOMJ religious rites and rituals, and Count III alleges a ten-book limit prevents him from studying the TOMJ Bible, which is set forth in 36 volumes. The remainder of the SAC states claim under the First Amendment and the Due Process Cause, as follows: Count IV alleges he has been prevented from using Prison Inmates Online (PIO) because he used it to blog about his religion; Count V alleges ASPC-Lewis mailroom has improperly failed to deliver and mail out his mail, thereby, denying him the ability to communicate with certain people, including his family and attorneys, and Count VI alleges that he has been prevented from communicating problems to the American Civil Liberties Union and the Prison Law Office, pursuant to his right as a class member in *Parsons v. Ryan* to monitor health and safety issues.

In screening the SAC, the Court noted: "To the extent Plaintiff is attempting to assert a separate claim based on a breach of a July 21, 2011 settlement agreement in *Merrick v. Schriro,* CV 08-209 TUC AWT, he has failed to adequately identify the terms of and parties to that agreement. Insofar as Plaintiff is relying on the agreement to support his constitutional claims, the existence of a settlement agreement does not affect the Court's analysis under § 1983. (Order (Doc. 21) at 5 n. 6) (citations omitted).

On October 20, 2017, the Plaintiff filed a Motion for Preliminary Injunction arguing that he is entitled to a kosher diet under the First Amendment and the 2011 settlement agreement in *Merrick v. Schriro,* CV 08-209 TUC AWT. The Court granted Plaintiff leave to file a Third Amended Complaint (TAC) for the sole purpose of adding the breach of contract claim related to the 2011 settlement agreement. The TAC was filed on November 22, 2017. The Motion for Preliminary Injunction was fully briefed and ready for a ruling by this Court on January 19, 2018. On March 19, 2018, the Plaintiff sought an expedited ruling on the motion before Passover on March 30, 2018. The Court has been unable to expedite disposition of the motion. In the event the Court

has not ruled on the Motion for Preliminary Injunction by July 19, 2018, the Plaintiff may further inquire regarding the status of the pending motion. LRCiv. 7.2(n).

The Defendants have now all answered, except for Defendant Richardson. Discovery has commenced and the Plaintiff has filed a Motion to Compel and for Sanctions. He alleges that discovery has not been forthcoming and certifies that he has attempted to personally consult and has made a sincere effort to resolve this conflict with counsel for Defendants. He attaches letters he has sent to counsel allegedly reflecting these sincere efforts. While he repeatedly requests in his correspondence to Defendants' attorney that counsel call him to discuss the case, it is Plaintiff's January 8, 2018, letter that first mentions that his discovery requests have been sent to Defendants, and he complains that in his experience, the lawyers who represent ADC "sandbag" responses to discovery. (Motion (Doc. 91) at Ex. A at 25.) He threatens to, without hesitation, file a Motion to Compel if proper responses from Defendants are not timely forthcoming. *Id.* at 26. He invites counsel to call him if any of the discovery requests are unclear. *Id.*

On February 16, 2018, Plaintiff writes again to note that responses are due on February 19, 2018, and if they are late or incomplete, he will not hesitate to file a motion to compel. *Id.* He claims that this letter is his "attempt to informally resolve our discovery disputes," which according to him is not premature because most of his "discovery requests were tendered since December and early January." *Id.* at 30. On February 21, 2018, the Defendants responded with the following discovery: 1) Garcia's Answers to Interrogatories and Requests for Production; 2) Irby's responses to Requests for Production, and 3) Ryan's Responses to Requests for Production. Counsel for Defendants said that Ryan's Responses to Interrogatories would be sent within a week because he had been unavailable to review and sign them. Irby had been asked for additional documents, which would be forthcoming as soon as received.[1] The Plaintiff filed the Motion to Compel and for Sanctions on March 5, 2018. He complains that of ten discovery requests, there were only four responses and three of these were incomplete

---

[1] Plaintiff tendered interrogatories to Defendant Irby on February 5, 2018. (Motion (Doc. 91) at Ex. A at 28.)

- 3 -

or intentionally vague. The Plaintiff complains about the five late responses. Where responses were made, the Plaintiff outlines the problems as he sees them. His motion also includes hyperbole related to past unsatisfactory experiences he has had with Defendants and Defendants' attorney in other cases.

The Defendant responds to the merits of Plaintiff's assertion of incompleteness and vagueness. More importantly, the Defendant reports that within two weeks of the Motion to Compel, Plaintiff was provided with "responses to all his discovery requests and explanations about the responses he [] received to which he objected." (Response (Doc. 96) at 4.) The Plaintiff files a Reply, admitting he has received such discovery but reports another set of issues with this subsequent discovery. (Reply (Doc. 104)). Of course there has been no response from the Defendant's to Plaintiff's Reply. The Court is not able to rule, even if it wanted to, regarding the changed status of the discovery in this case.

The Court will not rule on the merits of Plaintiff's Motion to Compel because Defendants are correct, he has not made a sincere effort to resolve discovery conflicts before filing the Motion to Compel. The Court will treat his Reply as his effort to personally resolve with the Defendants the issues that he believes remain with their disclosures. The Defendants may communicate with the Plaintiff in writing or call him, whichever form of communication they believe will be the most efficient way to expeditiously resolve his remaining complaints. Subsequent to Defendants' response to the issues raised by the Plaintiff in his Reply, the Plaintiff may file a Motion to Compel if he continues to believe there are any discovery issues which must be resolved by the Court. The Court will not entertain filings made for the sole purpose of making a record for some future request for sanctions. If and when such a motion for sanctions is filed, the record supporting it may be attached to it. At this point, the Plaintiff should confine any Motion to Compel to specific issues and eliminate narrative haranguing about past discovery offenses unrelated to this case.

In regard to the Plaintiff's complaint that the Defendants' discovery responses are late, the Court notes that on January 22, 2018, the Court gave the Defendants' 30 days to respond to any then pending discovery requests from the Plaintiff because the Court had issued two scheduling orders in the case causing some confusion. (Order (Doc. 69)), see also Fed. R. Civ. P. 34(b)(2)(A). Defendants admit some responses were late but complains that Plaintiff's discovery requests were voluminous. That is not an excuse for Defendants' failure to contact the Plaintiff, inform him as to how much more time was needed and why more time was needed for responses, and ask him to agree to an extension of time. In the future, the Defendants shall make such communications when they are unable to comply with deadlines.

The Court denies the Defendants' Motion for a Protective Order because it pertains to the merits of the Motion to Compel. The Court orders the accompanying *en camera* evidentiary submission filed under seal. The Motion for a Protective Order may be reurged in the event that discovery related to Garcia's inmate-death investigation is an issue in any future Motion to Compel.

The Court denies Plaintiff's Motion to Serve Defendant Richardson by publication at this time. The Plaintiff has attempted to have Defendant Richardson served by the United States Marshal at the Department of Corrections (DOC), but service was unsuccessful because she is no longer employed there. (Doc. 33.) Next Plaintiff asked this Court to order the DOC to provide Richardson's last known address, which the Court so ordered. Again service was unsuccessful because Richardson no longer lived at that address. (Doc. 74). Service by publication is an option under Fed. R. Civ. P. 4(e)(1) because service may be accomplished by following state law, and the State of Arizona allows for service by publication in some limited instances. "A party may serve a person by publication only if: [] the last-known address of the person to be served is within Arizona but [] the serving party, despite reasonably diligent efforts, has been unable to ascertain the person's current address; or [] the person to be served has intentionally avoided service of process, and [] service by publication is the best means practicable in

the circumstances for providing the person with notice of the action's commencement." In Arizona, upon a showing that personal service is impracticable, a court "may" on motion and without notice to the person to be served—order that service may be accomplished in another manner, including service by publication.

Allowing Plaintiff to serve Defendant Richardson by publication is at the Court's discretion, which may be exercised only if Plaintiff can show that he has been unable to ascertain her current address despite reasonably diligent efforts and this is the best means practicable under the circumstances to provide her with notice of the action. A "due diligent effort" effort to ascertain Richardson's address requires such pointed measures as an examination of telephone company records, utility company records, and records maintained by the county treasurer, county recorder, or similar record keepers." *Sprang v. Petersen Lumber, Inc.,* 798 P.2d 395, 399 (Ariz. App. 1990).

Acquisition of jurisdiction through other than personal service of process must be strictly construed. *Llamas v. Superior Court in and for Pima County,* 474 P.2d 459, 460 (Ariz. App. 1970). The Court must make a finding of fact that the residence is unknown; a mere factual allegation is not enough. *Brennan v. Western Sav. and Loan Ass'n,* 526 P.2d 1248, 1251 (Ariz. App. 1970). Accordingly, any showing of due diligence must be done by filing an affidavit showing in detail probative facts indicating a thorough search to locate the defendant, including the dates thereof and any attempts to serve the Defendant by another method of service.

There is no evidence that Defendant Richardson is evading service. The Plaintiff's efforts to serve her include providing the address of her place of employment at DOC and, subsequently, asking this Court to obtain information regarding her last known address from DOC. He has not undertaken any of the usual measures such as examining public records to determine her address. The Court notes that this Plaintiff has family available to assist him in these efforts, *see* (TAC (Doc. 41) at 49-58) (Count V related to mail not being received from his parents and brother), and there are also private investigators who can assist in locating a defendant. At this time, there is no evidence in

the record showing due diligence by the Plaintiff to ascertain Defendant Richardson's address.

The Court notes that 28 U.S.C. § 1915 does not expressly provide for the United States Marshal to serve process by publication, and the Court does not decide at this point in time whether such service of process will be ordered to be performed by the United States Marshal.

Service by publication could delay these proceedings for several months. The Court does not believe any further delay in this case is warranted at this time given the weakness of the claims stated against Defendant Richardson.

The allegations against Richardson in Counts Three, Four, and Five are largely indistinguishable from the allegations against Ryan in these counts. Plaintiff alleges that Defendant Ryan in consultation with Defendant Richardson, the Appeals Officer, denied his grievances addressed at the underlying conduct of these three counts. (TAC (Doc. 41) ¶¶ 28, 44, 53, and 57.) These claims appear related to deficiencies in the processing of his grievance appeals.

Plaintiff should keep in mind that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza,* 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v. Adams,* 855 F.2d 639, 640 (9th Cir. 1988). Therefore, denying inmate appeals generally does not serve as a basis for liability on these claims. *Id.* Section 1983 provides a cause of action only against persons who cause or participate in the alleged constitutional violations; ruling on an administrative grievance does not cause or contribute to the violation. *George v. Smith,* 507 F.3d 605, 609-10 (7th Cir. 2007). The Court did not dismiss the claims against Defendant Richardson in the screening order, however, because a prison administrator cannot willfully turn a blind eye to constitutional violations being committed; an individual who denies an inmate appeal and who had the authority and opportunity to prevent an ongoing constitutional violation could potentially be subject to liability if the individual knew about an existing or impending violation and failed to prevent it. *Jett v. Penner,* 439 F.3d 1091, 1098 (9th

Cir. 2006). It is equally difficult to establish liability under § 1983 based on a claim of deliberate indifference by omission. *cf. Coles v. Eagle*, 2009 WL 2700210, at *6 (D. Haw. Aug. 27, 2009) (discussing difficulty of proving deliberate indifference by omission).

The Court finds that it is unlikely that further delay of this case would ultimately benefit the Plaintiff because it is unlikely that the Plaintiff will recover any distinctive relief from Richardson. If the claims against Defendant Ryan in Counts Three, Four, and Five remain at the conclusion of any summary judgment proceedings, the Court will permit Plaintiff to renew his request for service by publication on Defendant Richardson. If not, the Court will dismiss the claims against Defendant Richardson for failure to state a claim and lack of service.

**Accordingly,**

**IT IS ORDERED** that the Motion for Service by Publication (Doc. 34) is DENIED, without prejudice.

**IT IS FURTHER ORDERED** that the Motion to Compel and for Sanctions (Doc. 91) is DENIED.

**IT IS FURTHER ORDERED** that the Motion for Ruling on Motion for Preliminary Injunction (Doc. 99) is DENIED.

**IT IS FURTHER ORDERED** that the Motion for Protective Order (Doc. 100) is MOOT because the Court is not ruling on the merits of the Motion to Compel. The attachment submitted by Defendants for *in camera* review shall be sealed and filed into the record.

Dated this 19th day of April, 2018.

Honorable David C. Bury
United States District Judge