**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JD Merrick, | No. CV-17-00014-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Michael Linderman, et al., | |
| Defendants. | |

On August 9, 2018, when the Court denied Plaintiff's Motion for Preliminary Injunction and granted him leave to file a Fourth Amended Complaint, the Court noted that there were six discovery motions pending. There are now ten.

On December 5, 2017, the Court issued the scheduling Order in this case, setting the deadline for completing discovery on July 5, 2018. On July 2, 2018, the Plaintiff filed a Motion to Enlarge Time for Discovery and for Dispositive Motions. When the Court denied the Plaintiff's Motion for Preliminary Injunction, it granted Plaintiff leave to file a Fourth Amended Complaint and granted in part the request for an extension of time to file dispositive motions and denied in part, without prejudice, the request for an extension of discovery.

The Court notes that as screened, the Fourth Amended Complaint essentially conforms the pleading to the discovery record. The Court allowed the amendment to dismiss certain Defendants[1] who lacked involvement in the claims, update Plaintiff's

---

[1] The Court missed two Defendants that the Plaintiff asked to dismiss, Dossett and Monson (Munson). The Court dismisses them now.

allegations in Counts Four, Five, and Six regarding the alleged unlawful seizure of his mail, and expand the scope of his due process allegations in Count Six.

Plaintiff seeks injunctive relief for the cancellation of his kosher diet on July 25, 2016. He alleges a violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA) and breach of a settlement agreement in *Merrick I,* CV 08-209 TUC AWT, which in part secured him the kosher diet.

On March 19, 2018, Defendant Frame answered interrogatories submitted by the Plaintiff in lieu of taking depositions. Fed. R. Civ. P.31(a)(2)B). On April 13, 2018, Plaintiff filed a Rule 33(a)(1) Motion for Leave to serve an additional 28 follow-up interrogatories on Defendant Frame. Plaintiff originally tendered 22 interrogatories. "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." "Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)."

The Court considers whether the additional discovery is unreasonably cumulative or duplicative, can be obtained from a more convenient source, less burdensome, or less expensive; whether Plaintiff had ample opportunity to obtain the information already, or if it is outside the scope of relevant information. Fed. R. Civ. P.26(b)(2).

The Court allows follow-up interrogatories, as follows:

Interrogatory #26.

Interrogatory # 27 in part as follows: Please explain contradictory answers in response to Interrogatory 8, "Yes, when ADC policy considered mail from on line pen pal services to be contraband," and Interrogatory #8, "I never seized any of Plaintiff's incoming mail from an internet pen pal service," and Interrogatory #10, "I never stopped Plaintiff from receiving mail from an internet pen pal service."

Interrogatory #30 in part as follows: Explain the contradiction between Exhibit D, "contrabanded per Sgt. Frame and legal services," with answer to Interrogatory #7, "mailroom staff did not need my authorization to determine whether or not a particular piece of mail was contraband or not."

Interrogatory #30.

The remainder of the additional interrogatories proposed by the Plaintiff are tendered because Defendant Frame did not answer previous interrogatories. The Court

will consider allegations that Defendant failed to respond to discovery pursuant to the motions to compel. Fed. R. Civ. P. 37. Plaintiff has filed three motions to compel, two in excess of the page limit. Defendants have filed a Motion for a Protective Order from late discovery requests and a Motion to Compel. Plaintiff files a Motion to Strike the Defendants' Reply in support of the Motion for Protective Order.

The Defendant has not responded to Plaintiff's Motions to Compel that exceeded the page limit because the Court has not yet granted leave for the motions to be filed. Plaintiff has not filed a Response to the Defendants' Motion to Compel. Instead, he objects to the Defendants' Motion for Additional Time to file the Motion to Compel. The Court, over the objection of the Plaintiff, grants Defendant leave to file the Motion to Compel, which was filed prior to complying with Local Rule 37.1. The Plaintiff has been served with the letter setting forth the Defendants' disputed discovery. Plaintiff has also been served with the Motion to Compel. Briefing the motions to compel will afford the parties to inform the Court as to any discovery disputes that the two have resolved which may be withdrawn from the Court's review. The extension of time is necessarily granted because there are hundreds of pages filed briefing the discovery disputes between the parties. These voluminous briefs shall suffice to resolve all discovery disputes between the parties.

**Accordingly,**

**IT IS ORDERED** that the Motion for Additional Time (Doc. 165) is GRANTED.

**IT IS FURTHER ORDERED** that the Plaintiff's motions to exceed the page limit (Docs. 136, 147) are GRANTED, and Defendants' Response may likewise exceed the page limit.

**IT IS FURTHER ORDERED** the Motion to Strike the Defendants' Reply in Support of Motion for Protective Order (Doc. 164) is DENIED.

**IT IS FURTHER ORDERED** that the Responses to the pending motions to compel are due within 14 days of the filing date of this Order. Replies shall be filed for the sole purpose of identifying the withdrawal of any discovery disputes resolved by the

parties which the Court does not need to resolve.

**IT IS FURTHER ORDERED** that the Plaintiff's Rule 33(a)(1) Motion (Doc. 107) is GRANTED IN PART AND DENIED IN PART.

**IT IS FURTHER ORDERED** that DISCOVERY IS CLOSED IN THIS CASE, except for any ordered by the Court pending disposition of the Motions to Compel. <u>There shall be no further motions to compel.</u> The case management deadlines, including the dispositive motions due date, shall be reset by the Court when it rules on the currently pending motions to compel.

**IT IS FURTHER ORDERED** that, pursuant to Order (Doc. 161), the Defendants Dossett and Monson (Munson) are DISMISSED.

Dated this 17th day of September, 2018.

_____
Honorable David C. Bury
United States District Judge