**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JD Merrick, | No. CV-17-00014-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Michael Linderman, et al., | |
| Defendants. | |

On November 19, 2018, this Court ruled on all the pending discovery disputes which began about 15 days prior to the end of the then existing deadline, July 5, 2018, for completing discovery in this case. After allowing full briefing of all the pending discovery issues, the Court resolved them and allowed an extension of 60 days for the parties to complete the discovery being compelled by the Court's Order. (Order (Doc. 209)).

The Court ordered that there would be no further extensions of time for any discovery except that allowed pursuant to the Order. *Id.* at 10. The Court warned the parties that sanctions might result for any failure to comply with the Court's Order requiring the prompt completion of the so ordered discovery. *Id.* The Court necessarily also extended the deadline for filing dispositive motions by 90 days or to: February 19, 2019. *Id.*

On February 1, 2019, the Plaintiff filed a Motion to Enlarge the Dispositive Motions Deadline, (Motion (Doc. 215) which is essentially a request for an extension of time for discovery. He files a Motion for Telephonic Hearing and for Sanctions because the

Defendants allegedly failed to comply with the discovery directives issued by the Court on November 19, 2018. He essentially challenges the adequacy of the Defendants' discovery responses. (Motion (Doc. 214)).

Defendants respond that they do not object to the extension of the dispositive motion deadline, "albeit for reasons different from those he set forth in his Motion." (Response (Doc. 218)). Defendants complain that the Plaintiff's discovery responses were inadequate, and an extension of time will allow them to correspond with Merrick about discovery issues. They complain that he refused to produce any documents with his discovery responses and merely directed them to look elsewhere in the record. This made it difficult to review of his interrogatory responses. Like the Plaintiff, the Defendants essentially challenge the adequacy of Merrick's discovery responses.

Both parties inform the Court that Counts One and Seven, dealing with the "kosher diet," might be settled. Apparently, Plaintiff made an offer of settlement and has been waiting for Defendants to send him a draft settlement agreement since around December 14, 2018. (Motion (Doc. 214) at 4.) Apparently, Defendants thought the settlement agreement was sent on December 21st but now know Plaintiff did not receive it. Defendants sent it again on February 6, 2019. Because correspondence between the parties is done by mail the Defendants report that it may take "a number of weeks" for the parties to exchange drafts of the settlement agreement, but that the settlement language should be resolved within 30 days. Both sides acknowledge that if settlement is reached on Counts One and Seven, it will not be necessary to include them in upcoming dispositive motions.

Defendants suggest a 60-day extension of time for the filing of dispositive motions and accuse the Plaintiff of thinly veiling another Motion to Compel as a Motion for Sanctions in violation of the Court order that there should be no further motions to compel. The substance of the Court's preclusion was "no further discovery," except for discovery necessary pursuant to the November 19, 2018, Order. Sanctions would in fact be appropriate if either party failed to provide the other with the discovery compelled by the Court. The Court notes that the 60 days allowed for the parties to complete the compelled

discovery ended on January 19, 2019. Both parties' complaints about the other's responses to the compelled discovery are untimely: Plaintiff's motions were filed on February 1, 2019,[1] and Defendants filed responses on February 15, 2019, raising their assertions. The Court denies any further discovery but will extend the deadline for filing dispositive motions for 60 days to allow settlement of Counts One and Seven to be finalized. There shall be no further extensions of time for filing dispositive motions.

Because discovery is closed, the Court has only cursorily reviewed the parties' complaints against each other. Plaintiff is by and large dissatisfied with or disagrees with Defendants' responses. Defendants have corrected the "oversight" made by counsel in failing to provide Plaintiff with copies of Defendants' discovery responses. *See* Frame's Amended Answers (Doc. 216); Linderman's Supp. Answers (Doc. 217-3); Ryan's Supp. Answers (Doc. 219). The 60-day extension of time provides ample time for Plaintiff to review this discovery for purposes of drafting his dispositive motion.

**Accordingly,**

**IT IS ORDERED** that discovery is closed; there shall be no further discovery in this case.

**IT IS FURTHER ORDERED** that the Motion for Hearing or Conference (Doc. 214) is DENIED.

**IT IS FURTHER ORDERED** that the Motion for Extension of Time (Doc. 215) is DENIED IN PART for any further discovery and GRANTED IN PART for 60 days or

///
///
///
///
///
///

---

[1] Applying the mailbox rule, the Plaintiff's filings were signed and certified January 29 and 30, 2019 and are, accordingly, untimely.

| | |
|---|---|
| 1 | by April 25, 2019, for the parties to file any dispositive motions.  THERE SHALL |
| 2 | BE NO FURTHER EXTENSIONS OF TIME FOR FILING DISPOSITIVE MOTIONS. |
| 3 | Dated this 22nd day of February, 2019. |

_____
Honorable David C. Bury
United States District Judge